**YI LIN ZHANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–1893–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

See also 161 Fed.Appx. 36.

David X. Feng, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Hannah Baublitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Petitioner Yi Lin Zhang, a native and citizen of China, seeks review of the April 6, 2007 order of the BIA denying his motion to reopen. *In re Yi Lin Zhang,* No. A73 044 669 (B.I.A. Apr. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

The regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation." *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (internal quotation marks and citations omitted). In order to warrant further tolling beyond the time of discovery, an alien is required to demonstrate "due diligence" in pursuing his claims. *Id.* (citations omitted). This Court has noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disquali-

fies a petitioner from equitable tolling–or, for that matter, any period of time that is *per se* reasonable." *Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007).

Here, there is no dispute that Zhang's November 2006 motion to reopen was untimely where the BIA issued its decision affirming the IJ's order of deportation in February 2003. However, Zhang argued before the BIA that the filing deadline for his motion should have been equitably tolled because his former counsel, Karen Jaffe, provided him ineffective assistance when she refused to seek a stipulation to remand his case to pursue an adjustment of his status on the basis of his approved I–140.

We find that the BIA did not abuse its discretion in determining that Zhang did not exercise due diligence in pursuing his claim. In its decision, the BIA noted that Zhang failed to identify the date that Jaffe refused to seek the requested stipulated remand. Nonetheless, the BIA appears to have tolled the time for filing his motion to reopen from the February 2003 issuance of its decision until February 2006, when Zhang retained current counsel and the BIA assumed that he knew of Jaffe's refusal to seek a stipulation.[2] However, the BIA concluded that Zhang had not exercised due diligence in pursuing his ineffective assistance of counsel claim where he waited an additional nine months from the date he retained new counsel to file his November 2006 motion to reopen. Moreover, the BIA considered, but did not accept, Zhang's explanation that he had been prevented from filing his motion earlier because Jaffe had not provided him with his file until October 2006. The BIA reasoned that "[w]hile former counsel's failure to promptly provide the respondent with his file is unfortunate, the respondent did

---

**2.** Before the BIA and in his brief to this Court, Zhang admits that he knew prior to

February 2006 of Jaffe's refusal to seek a stipulation to remand.

not act diligently by waiting for such event rather than filing a motion to reopen based upon his own information and any documents in his possession." We cannot find that the BIA abused its discretion in concluding that Zhang had not acted diligently by waiting to obtain that file before filing his motion. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.